fIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL LEE LIRA,<br><br>Defendant. | Cause No. CR -17-34-GF-BMM<br><br>**ORDER** |

## BACKGROUND

Michael Lee Lira ("Lira") moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 52.) Lira is currently serving a sentence of 150 months for possession with intent to distribute methamphetamine. (Doc. 33.) Lira has served approximately 72 months of his sentence. Lira's scheduled release date is February 10, 2027. *See* Inmate Locator, www.bop.gov/inmateloc (last visited May 24, 2023). Lira is currently incarcerated at FCI Sheridan in Sheridan, Oregon. *Id.*

### I.     Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to

1

Lira's motion.

Where a motion for a sentence reduction is well taken, a court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)"), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number of district courts have noted the unlikelihood of the Sentencing Commission

updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The "Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction

3

under this policy statement may be granted *only* upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements); *Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582."); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal district courts that have held the Policy Statement's "extraordinary and compelling

reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). *Aruda* makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *Id.* at 802; *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United States v. Booker*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Lira's sentence.

5

## II. Whether Lira has Demonstrated Extraordinary and Compelling Reasons.

Despite this Court's determination that it has discretion to provide relief, Lira still must demonstrate that extraordinary and compelling reasons support release or a reduction of his sentence. *Maumau*, 2020 WL 806121, at *5. Lira urges the Court to release him on the basis of his medical conditions, including vision problems, hearing loss, and diabetes. (Doc. 52 at 1–2.) Lira also cites in support of his motion the anticipated sentencing changes regarding the computation of the U.S. Sentencing Guidelines ("USSG") § 4A1.1(d) status points. provision (*Id.* at 8.) Lira further points to his low recidivism risk due to his age and his clear disciplinary record while incarcerated. (*Id.* at 8–9; Doc. 52 at 2.) Lira additionally notes that he may be subject to a state detainer from a non-twenty-year-old state conviction. (Doc. 58 at 10.) Lira finally notes health concerns relating to the ongoing COVID-19 pandemic. (Doc. 52 at 1; Doc. 52-1.)

The Government opposes Lira's motion for compassionate relief. (Doc. 59.) The Government maintains that Lira's sentence of 150 months proved appropriate. (*Id.* at 14.) The Government focuses on COVID-19 health concerns and argues that Lira's medical conditions do not amount to extraordinary and compelling reasons for a sentence reduction. (*Id.* at 11–13.)

The Court determines that extraordinary and compelling reasons exist to support Lira's motion for compassionate release. Due to Lira's medical conditions,

6

age, and sentencing disparity considerations, the Court will grant, in part, Lira's motion for compassionate release. Lira's total offense level was calculated to be 33. (Doc. 31 at 7.) Lira received a subtotal criminal history score of 9. (*Id.* at 16.) Lira received a two-point increase under USSG § 4A1.1(d), resulting in criminal history category V. (*Id.*) Pursuant to anticipated sentencing changes to the status points provision of the sentencing guidelines set forth at USSG § 4A1.1(d), Lira would be subject to a one-point increase rather than the two-point increase he received. (Doc. 58 at 7–8.) This decrease still would result in a criminal history category of V. The Court notes that the underlying conviction that resulted in Lira's two added status points separately added three more status points. (Doc. 31 at 14.) This underlying conviction was a twenty-year-old drug possession conviction for which he received a sentence of 20 years, with 13 years suspended and 13 years of probation. (Doc. 58 at 8.)

    These sentencing disparity considerations, in combination with Lira's age, lack of disciplinary history, and serious medical conditions, all militate in favor of a reduced sentence. Lira has served approximately 72 months of his sentence. Lira is now nearly 59 years old. (*Id.* at 9.) The time Lira has served reflects the seriousness of his offense, promotes respect for the law, and fulfills the need for "just punishment." § 3553(a)(1), (a)(2)(A). Reducing Lira's sentence to 135 months comports with the § 3553(a) sentencing factors.

The Court has granted, in part, other compassionate release requests where a defendant has prior felony drug offenses and has pled guilty to drug conspiracy, distribution, and/or possession offenses. *See, e.g.*, *United States v. Rogers*, 2:13-cr-15-BMM, Doc. 52 (sentenced reduced by approximately 114 months to time served); *United States v. Romero*, 4:12-cr-51-BMM, Doc. 240 (sentence reduced by 55 months to a total of 188 months); *United States v. Pratt*, 4:12-cr-82-BMM, Doc. 325 (sentence reduced by 15 months to a total of 145 months).

The Court will grant, in part, Lira's motion.

Accordingly, **IT IS ORDERED:**

1. Lira's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 52) is **GRANTED, in part, and DENIED, in part.**

2. Lira's sentence shall be amended to reflect a total term of imprisonment of 135 months.

DATED this 24th day of May, 2023.

_____
Brian Morris, Chief District Judge
United States District Court